## ESTOPPEL AGAINST CLAIMING THAT STREET ASSESSMENT EXCEEDS BENEFITS.

[Franklin County Common Pleas Court.]

FRAMPTON v. SIMS, TREASURER.

Decided, April 21, 1903.

*Street Assessment—Abutter Petitions for the Improvement—Agreeing to Waive the Rule as to Corner and Lengthwise Lots—and is Thereby Estopped from Claiming that Assessment Exceeds Benefits.*

One who signs a petition for a street improvement which contains the provision that the owners of corner or irregular shaped lots fronting or lying lengthwise upon the proposed improvement consent that they may be assessed for the full number of abutting feet without reference to actual frontage, is estopped from claiming that the assessment exceeds the benefits.

BIGGER, J.

This action is brought to restrain the collection of an assessment levied on lot 246 of Pan Handle Addition to the city of Columbus. The case was heard upon the evidence last term, and briefs have been submitted.

Upon consideration of the same I am of opinion that the contention of the city is correct as regards the effect of the petition which the plaintiff signed. I think it clearly estops him upon the evidence before the court to claim exemption from this assessment. The petition reads as follows:

"We, the undersigned, the several owners of the lots and lands abounding or abutting upon Atcheson street from Denmead avenue to Twentieth street as indicated by the number of feet placed opposite our names, the same being the number of feet that our property fronts, abounds or abuts on said street, so to be improved, without regard to the actual frontage thereof, hereby petition your honorable body for the improvement of said Atcheson street between the points named by grading and paving the same with hard-burned bricks or blocks and by curbing and guttering the same, and constructing the necessary sub-drains and catch basins; and consent that the cost of said improvement may be assessed upon our property fronting upon or abutting upon said improvement in accordance with the provisions of an act of the General Assembly, passed March 14, 1893, and the amendment thereto passed April 27, 1896, and

that the owners of irregular shaped or corner lots fronting, abutting or lying lengthwise along said improvement, hereby consent that our property may be assessed for the cost of said improvement for the full number of feet that the same fronts, abuts or abounds thereon without reference to the actual frontage of the same at the same rate per foot as shall be assessed upon other lots having an actual frontage upon said street."

Here was an agreement on the part of the plaintiff that his property should be assessed for more than what the Supreme Court of this state have decided was its equitable share of the burden. It was decided that the actual frontage of the lot only could be assessed for such improvements. But this plaintiff agreed when he signed this petition, and the city acted upon that agreement, that if the city would make this improvement he would pay for it at the same rate per foot as other lots which actually fronted on the street. Now he knew—for he is presumed to know the law—that these lots having an actual frontage on the street might be assessed for its cost up to the actual benefit conferred upon such lots. There is no evidence here to show that the lots which actually fronted on the street have been assessed for more than they have been benefited. The plaintiff therefore. agreed that at the rate that they were assessed, not exceeding the benefits to such lots, he would pay at the same rate for the number of feet his lot abutted lengthwise on the improvement. The court can not give it any other construction without reading into the petition something that is not there. If he desired to limit it to the benefits conferred, he should have reserved it by stating, "but not to exceed the benefits." What he agreed to do was to pay at the same rate per foot as the other lots which under the law and except for his agreement he could not be compelled to do.

I am very clearly of the opinion that he can not now complain of this assessment, there being no showing that he was assessed at a greater rate than the other lots which actually fronted on the street and no showing that they were assessed for more than they were benefited.

The finding is therefore in favor of the city.

*D. C. Jones,* for plaintiff.

*Butler, Marshall & Keating,* for defendant.